## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEIGHA ABRAHAM** | ) | **CIVIL ACTION NO.  1:19-cv-2511** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **EQUIFAX INFORMATION SERVICES LLC** | ) | |
| 1550 Peachtree Street, NW | ) | |
| Atlanta, GA 30309 | ) | |
| | ) | |
| **Serve on:** | ) | |
| CSC-Lawyers Incorporating Service Company | ) | |
| 7 St. Paul Street, Suite 820 | ) | |
| Baltimore, MD 21202 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION** | ) | |
| 1 Concourse Parkway NE, Suite 200 | ) | |
| Atlanta, GA 303028 | ) | |
| | ) | |
| **Serve on:** | ) | |
| CSC-Lawyers Incorporating Service Company | ) | |
| 7 St. Paul Street, Suite 820 | ) | |
| Baltimore, MD 21202 | ) | |
| | ) | |
| **Defendants.** | ) | |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by individual consumer, Leigha Abraham against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA") 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      Plaintiff Leigha Abraham is an adult individual residing in Owings Mills, MD.

5.      Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the District of Maryland, and which has a principal place of business located at 1550 Peachtree St., NW, Atlanta, GA 30309.

6.      Defendant First Advantage Background Services Corporation. ("First Advantage") is a consumer reporting agency that regularly conducts business in the District of Maryland, and which has a principal place of business located at 1 Concourse Parkway, NE, Suite 200, Atlanta, GA 30328.

## FACTUAL ALLEGATIONS

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least February 2018 through present.

8.      The inaccurate information on Plaintiff's reports includes, but is not limited to, personal information and collection accounts with Credit Systems and State Collection Service, Inc.

9.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's reputation, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

10.     Due to Defendants' faulty procedures, Defendants have mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons, potential employers, and credit grantors, both known and unknown.

12.     Plaintiff has applied for and has been subjected to delayed start dates at jobs, and has been denied loans, and extensions of consumer credit on multiple occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those adverse actions.

13.     Plaintiff's credit reports and files have been obtained from Defendants and have been reviewed by prospective and existing employers, credit grantors, and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit and employment offers and opportunities, known and unknown.

14.     Plaintiff's credit reports have been obtained from Defendants by such third parties from at least February 2018 through the present.

15.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, credit opportunities, credit defamation, and emotional distress, including, but not limited to, loss of sleep, anxiety, frustration, embarrassment and humiliation.

16.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

17.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### (Plaintiff v. Equifax)

18.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19.     At all times pertinent hereto, Equifax is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

20.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

21.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

22.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

23.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. First Advantage)

24.     At all times pertinent hereto, First Advantage was a "person," a "consumer reporting agency," and a "reseller" as those terms are defined by 15 U.S.C. § 1681a(b), § 1681a(f) and § 1681a(u), respectively.

25.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, First Advantage is liable to the Plaintiff for negligently and willfully failing to employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

28.     The conduct of First Advantage was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, First Advantage is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    a.     Actual damages;

    b.     Statutory damages;

c.      Punitive damages;

d.      Costs and reasonable attorney's fees; and

e.      Such other and further relief as may be necessary, just and proper.

Dated: August 27, 2019
       Washington, DC

Respectfully submitted,

BY:     */s/ Courtney L. Weiner*
        Courtney L. Weiner (#19463)
        Law Office of Courtney Weiner PLLC
        1629 K Street NW, Suite 300
        Washington, DC 20006
        PH: 202-827-9980
        cw@courtneyweinerlaw.com

        Joseph L. Gentilcore*
        FRANCIS & MAILMAN, P.C.
        1600 Market Street, 25th Fl.
        Philadelphia, PA 19103
        T: (215) 735-8600
        F: (215) 940-8600
        jgentilcore@consumerlawfirm.com
        *Application for admission pro hac vice
        forthcoming*

        ***Attorneys for Plaintiff***